UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BENEDICT ROTUNDO, JR. and KELLY
ROTUNDO,

                      Plaintiffs,              6:09-CV-1262

      v.

VILLAGE OF YORKVILLE; MAYOR BRUNO
A. PETRUCCIONE, in his individual and
official capacity; DEPUTY MAYOR THOMAS
J. THOMAS, in his individual and official
capacity; TRUSTEE ANTHONY C. LEONE,
JR., in his individual and official capacity;
TRUSTEE MICHAEL A. MAHONEY, in his
individual and official capacity; TRUSTEE
STANLEY G. BABIARZ, in his individual and
official capacity; OFFICER IN CHARGE
MICHAEL MAXAM, in his individual and
official capacity; and JOHN DOES(S) and/or
JANE DOE(S), in their individual and official
capacities.

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW OFFICE<br>Attorneys for Plaintiffs<br>6599 Martin Street<br>Rome, New York 13440 | A.J. BOSMAN, ESQ.<br>BETH A.S. LOCASTRO, ESQ. |
| CARTER, CONBOY, CASE, BLACKMORE,<br>MALONEY & LAIRD, P.C.<br>Attorneys for Defendants<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | LUKE C. DAVIGNON, ESQ. |

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

Plaintiffs Benedict Rotundo, Jr. and Kelly Rotundo (collectively "plaintiffs") brought suit against defendants Village of Yorkville ("Village"); Bruno A. Petruccione, Village Mayor ("Mayor"); Thomas J. Thomas, Village Deputy Mayor; Village Trustees Anthony C. Leone, Jr., Michael A. Mahoney, and Stanley G. Babiarz; and Michael Maxam, Officer in Charge ("OIC") of the Village Police Department (collectively "defendants"), under Title 42, United States Code, section 1983 and New York State law.

Defendants collectively moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs opposed. Oral argument was heard on February 11, 2011, in Utica, New York. Decision was reserved. On March 4, 2011, defendants' motion was granted in part and denied in part.

Plaintiffs move for reconsideration of the decision and reinstatement of plaintiffs' procedural due process claims pursuant to Federal Rule of Civil Procedure 54(b) and Rule 7.1(g) of the Local Rules for the Northern District of New York. Defendants oppose. The motion was considered on submission without oral argument.

**II. BACKGROUND**

A full description of the facts of this case can be found in the March 4, 2011, Memorandum-Decision and Order.[1] The prior decision dismissed plaintiffs' Fourteenth Amendment procedural due process, substantive due process, and equal protection claims as well as three parallel claims under the New York State Constitution. Summary judgment

---

[1] Rotundo v. Village of Yorkville, No. 8:10-CR-68, 2011 WL 838892, (N.D.N.Y. Mar. 4, 2011).

was also granted as to plaintiffs' state law breach of contract and tortious interference with contract causes of action and those claims dismissed.  Defendants' motion for summary judgment was denied as to the First Amendment retaliation, New York State free speech, prima facie tort, and loss of consortium claims and they remain for trial.

## III. DISCUSSION

A previous ruling may be reconsidered and vacated if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.) (quoting Doe v. N.Y. City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

Plaintiffs specifically move for reconsideration of the dismissal of the Second (Fourteenth Amendment procedural due process) and Sixth (N.Y. Const., Art. 1, section 6, procedural due process) causes of action.  They contend the March 4, 2011, Memorandum-Decision and Order incorrectly found Rotundo did not have a protected property interest and misinterpreted New York State Civil Service Law section 75.  Plaintiffs argue there is a need to correct a clear error and prevent manifest injustice because the current interpretation will "remove protection from discipline/discharge for potentially thousands of public employees in the State of New York simply because they moved or sought a better Civil Service job."  Pls.' Mem. of Law, Dkt. No. 73-3, 2.

A motion for reconsideration is not a second chance to litigate an issue already presented to and decided by a court.  Plaintiffs have not presented new evidence previously unavailable, a change of controlling law, or the need to correct a clear error or prevent manifest injustice.  The motion for reconsideration reiterates previous arguments in support

of plaintiffs' interpretation of section 75. They cite to a Supreme Court case from 1896 and three New York State cases from the 1930s, all obviously available at the time of the summary judgment motion, and none of which are dispositive on the issue. See United States v. Thornton, 160 U.S. 654, 16 S. Ct. 415 (1896); Butler v. Finegan, 269 N.Y. 587 (1935); Spivak v. Delaney, 264 N.Y. 491 (1934); Schaefer v. Rathmann, 237 A.D. 491 (N.Y. App. Div. 4th Dep't 1933). These cases do not mandate a different outcome than that articulated in the March 4, 2011, order.

## IV. CONCLUSION

Simply because plaintiffs disagree with the outcome of the summary judgment motion does not permit them to reargue the issue on a motion for reconsideration. Because they have not demonstrated that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice, the motion for reconsideration will be denied.

Therefore, it is

ORDERED that

Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 22, 2011
       Utica, New York.